NEWMAN v. BENEDICT.

(Supreme Court, Appellate Term. May 18, 1911.)

Costs (§ 236*)—Taxation—Liability of Defeated Party.

    The rule that final judgment carries with it all costs to date does not apply to a vacation of a judgment for illegality or irregularity, and the reversal, with costs to defendant, appealing from a judgment on the merits rendered before an erroneously appointed referee, does not carry with it all costs; and defendant is properly allowed only motion costs and the costs of the Appellate Term on the appeal resulting in the vacation of the judgment.

    [Ed. Note.—For other cases, see Costs, Dec. Dig. § 236.*]

Appeal from City Court of New York, Special Term.

Action by Julia S. Newman against Julian Benedict. From an order retaxing costs, defendant appeals. Affirmed.

See, also, 127 N. Y. Supp. 1133.

Argued before SEABURY, GUY, and BIJUR, JJ.

Robert L. Stanton, for appellant.

Alexander Thain, for respondent.

GUY, J. Defendant appeals from an order retaxing the defendant's costs, so as to include only $10 motion costs, and the costs of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Appellate Term on the prior appeal, which resulted in the reversal and vacation of the irregular judgment, which costs the clerk taxed in defendant's favor.

The plaintiff entered an order of reference, which was reversed, and the reference vacated, by this court. Pending the appeals, he forced the defendant to trial before the erroneously appointed referee, and procured a judgment on the merits. On appeal this judgment was "reversed, with costs to the appellant." The action is still pending and undecided. The reversal was in legal effect a vacating of the irregular judgment, not an award of final judgment. The authorities holding that an award of final judgment carries with it all costs to date do not apply on a vacatur for illegality or irregularity. Otherwise, both sides might recover the same costs, which is legally impossible.

The order should be affirmed, with $10 costs and disbursements. All concur.